IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 7MJ-36–TFM |
| | ) | |
| DANDRE STOKES | ) | |

### ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on April 11, 2007, pursuant to the Government's Motion for Detention (Doc.#3). Based upon consideration of the evidence presented, the Court concludes that the defendant should be detained pending trial in this case.

### Part I -- Findings of Fact

There is probable cause to believe that the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846. The Defendant is charged with knowingly and intentionally attempting to possess with intent to distribute 5 kilograms or more of cocaine. The defendant has not rebutted the presumption established by this finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. There is a serious risk that the defendant will not appear and pose a serious danger to the community if released pending trial.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that on April 5, 2007, the defendant drove to Auburn, Alabama to

meet with another person to consummate a transaction wherein the defendant would obtain 5 kilograms of cocaine. During the initial meeting between the defendant and the other person who was an undercover agent, the defendant presented a large quantity of money as proof he could pay for the cocaine. After the undercover agent gave the arrest signal to the other officers, the defendant fled in his car southbound on Interstate 85. Defendant Stokes traveled at speeds in excess of 130 mph during his attempt to elude capture by law enforcement. The pursuit ended only after Officers used spike strips to flatten the defendant's tires. After the defendant could no longer flee by vehicle, the defendant fled on foot but was apprehended by officers.

  Defendant Stokes has family, and or other ties to the Middle District of Alabama. Despite his ties to the Middle District of Alabama, based on clear and convincing evidence, this Court determines Defendant Stokes is a flight risk and danger to the community based on, *inter alia,* his significant involvement in drug offenses; his reckless and dangerous flight from the officers attempting to effectuate a lawful arrest of the defendant; his criminal history which includes one conviction for and one charge of making a false report; the defendant's prior conviction for distribution of narcotics within the last 5 years; the probation sentence which the defendant was serving during the instant offense; and the fact the officers found firearms in the defendant's home after his arrest on the instant offense. Accordingly, the Court does not consider the defendant's ties to the Middle District of Alabama enhance the likelihood that the defendant will appear at trial or refrain from posing a danger to the community while on pretrial release.

  Based on the foregoing considerations, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained.

**Part III - Directions Regarding Detention**

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done this the 12th day of April, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE